Petition under 28.U.S.C § 2254 for Writ
of Habeas Corpus by a person In state custody

United State District Court                    District: 5th

Kelvon s Grimmage                    Case No: (to be assigned)

Place of Confinement: COLUMBIA C.I          Prisoner No: T87654

Kelvon Grimmage          V.          State of Florida
         Petitioner                          Respondant

5:23-CV-699 TPB PRL

Petition

1) (A) Judgment and Sentence was entered in the 5th Judicial Circuit
Court in and for Marion County FL.
   (b) Criminal docket or Case No: LF-001527-C
2) (A) Date of Judgment/Conviction: 5-11-18
   (b) Date of Sentencing: 5-11-18

LEGAL MAIL PROVIDED TO
COLUMBIA CORRECTIONAL INSTITUTION
ON 11-29-23     (DATE) FOR MAILING
(er)     Staff Initial  K G I/M Initial

3) Length of Sentence: Life
4) In this case was you convicted on more than one count or more
then one crime? ☐ Yes ☒ No
5) Identify all crimes of which you were convicted and sentenced in
this case: First Degree Felony Murder
6) What was your plea: Not Guilty
   (b) N/A , (c) had Jury trial
7) Did not testify
8) Yes, I appealed the Judgment of conviction
9) (A) Name of Court: IN The District Court of Appeal 5th District
Florida
   (b) Docket case number: 5D18-1632
   (c) Results: Affirmed PCA
   (d) Date of results: 7-18-19
   (e) Dont know Citation
   (f) Ground raised:
   Ground 1: By allowing into evidence over objection, Prior inconsistant
   Statements of a State witness as Substantive evidence of Guilt, The

2 of 23

State unconstitutionally defeated the appellants right of confrontation.

Ground 2: The States summoning of a witness for the sole purpose of impeachment (And allowing this impeachment testimony as substantive evidence of guilt) constitutes reversible error

(9). Did you seek further review by a higher State court? ☐ Yes ☒ No

(h) Did you file a petition for certiorari in the United States Supreme Court ☐ Yes ☒ No

10). Other then the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this Judgment of conviction in any State court? ☒ Yes ☐ No

11). If answer to question 10 was "Yes" give the following information:

(a) (1). Name of court: IN The District Court of Appeals 5th District Florida

(2) Docket case number: ~~docketed~~ 5D20-0755

(3) ~~~~ Date of filing: 4-7-20

(4) ~~~~ Nature of proceeding: 9.141 Ineffective assistance of appellant counsel.

(5) Grounds raised:

Argument 1: Appellate counsel rendered ineffective for failing to argue that the trial court erred in giving jury instructions which included "or" between defendant name and those of his co-defendants with respect to the essential elements of the crime charged that violated defendants due process in 5th and 14th Amendments of U.S. Constitution as well as Article 1 Section 9 of Florida Constitution.

Argument 2: Appellate counsel rendered ineffective assistance for failing to argue that defendant was convicted of Felony Murder First Degree without being charged or convicted of an underlying felony, violating defendant's due process in 5th and 14th Amendments of U.S. Constitution as well as Article 1 Section 9 of Florida Constitution.

Argument 3: Appellate counsel rendered ineffective assistance for failing to argue that defendant due process was violated by prosecutorial misconduct in misstating facts of evidence and that the acts of prosecutorial misconduct rendered defendant trial fundamentally unfair violating defendant's 5th and 14th Amendments of U.S. Constitution as well as Article 1 Section 9 of Florida Constitution

Argument 4: Appellate counsel rendered ineffective assistance for failing
to argue that trial court erred in denying defendant Motion for judgment
of acquittal Violating defendant's 5th and 14th Amendments to U.S. Constitution
as well as Article 1 section 9 of Florida Constitution.

Argument 5: Appellate counsel rendered ineffective assistance of
counsel for failing to argue that defendant was denied due process
of law and equal protection on the basis that defendant indictment
defective, and that the statute charged was vague, hence, and
Unconstitutional violating defendant 5th, 6th and 14th Amendments of U.S.
Constitution as well as Article 1 Section 9 of Florida constitution.

(6) Did you receive a hearing where evidence was given on your petition,
application or motion? ☐ Yes  ☒ No

(7) Result: Affirmed

(8) Date of result: 10-10-20

(b) if you filed any second petition, application, or motion, give same information:

(1) Name of court: IN the Circuit Court of the fifth Judicial Circuit of the
State of Florida in and for Marion County.

(2) Docket or case number: 2016-CF-1527-C

(3) Date of filing: 2-9-22

(4) Nature of Proceeding: 3.850 ineffective assistance counsel

(5) Grounds raised

Ground 1:

Defense counsel rendered ineffective assistance of counsel for failing to properly object to trial courts ruling on portions of State Witness Denzil Jones grand Jury testimony being admitted into trial as substantive evidence, on the basis that State knowingly Called Jones for the Sole purpose of impeachment to introduce his prior grand Jury statements which would have otherwise been inadmissible, Causing Judge abuse of discretion error not to be preserved, Violating Defendant 5th, 6th and 14th Amendment to U.S. Constitution as well as Article 1 Section 9 Florida Constitution.

Ground 2:

Defense counsel rendered ineffective Assistance of Counsel for failing to object to prosecute misconduct in misstating facts of evidence and/or causing error not to be presented for direct appellant review, Violating Defendants 5th, 6th and 14th Amendments to US. Constitution As well as Article 1 Section 9 Florida Constitution.

Ground 2A:

Defense counsel renered ineffective assistance of Counsel for failing to object to prosecutor misconduct in making improper remarks during closing arguments, Violating defendants 5th, 6th and 14th Amendments rights to U.S. Constitution as Well as article 1 section 9 Florida Constitution.

Ground 3:

Defense Counsel rendered Ineffective Assistance of Counsel for failing to file an adequate motion for Judgment of acquittal, Violating Defendants 6th Amendment right to U.S. Constitution as well as Article 1 Section 9 Florida Consteption.

Ground 4:

Defense Counsel rendered ineffective assistance of counsel for failing to file a motion to dismiss charges on the basis that Defendant couldn't be found guilty of Felony Murder without

4 of 23

an underlying Felony/Predicate offense, Violating Defendants 5th, 6th and 14th Amendments to the U.S. Constitution as well as Article 1 Section 9 Florida Constitution.

Ground 5

Defense counsel rendered ineffective assistance of counsel for failing to request that the court include Robbery as a lesser included offense in Jury instruction violating Defendants 5th, 6th and 14th Amendments rights to U.S. Constitution as well as Article 1 Section 9 Florida Constitution.

Ground 6

Defense Counsel rendered ineffective assistance of Counsel for failing to file a motion for arrest of Judgment on the basis that Defendant indictment was defective and that the Statute Charged was Vague, hence and unConstitutional, and that a conviction cannot rest upon such in indictment, violating Defendants 5th, 6th and 14th Amendments rights to U.S. Constitution as well as Article 1 Section 9 Florida Constitution

Ground 7

Defense counsel rendered ineffective assistance of counsel for failing to object to erronus Jury instructions and/or Jury Verdict on the basis that the instructions gave the theory of robbery and its elements which caused defendant to be convicted of an offense based on elements that were not charged.

Ground 8

Defense Counsel rendered ineffective assistance of Counsel for failing to file a motion to Suppress evidence prior to trial in regards to State witness Denzil Jones grand jury testimony on the basis that the testimony was tainted and unreliable due to witness being intoxicated during testimony and/or moved to exclude parts of testimony due to lack of personal knowledge causing defendants 5th, 6th and 14th Amendment rights to U.S. Constitution as well as Article 1 Section 9 of Florida Constitution to be Violated.

Ground 9

Defense Counsel Counsel Counsel renered ineffective assistance of Counsel for failing to make an adequate objection to the introduction of State witness Denzil Jones grand Jury testimony on the basis that the admission of the testimony does not meet the requirements provided in Statute 90.801 (2) (a). Thus Causing defendant 5th, 6th and 14th Amendment rights to U.S. Constitution as well as Article 1 Section 9 of Florida Constitution to be Violated.

Ground 10

Cumulative Error.

Did you receive a hearing when evidence was given on your petition?
Yes ☐  No ☑

7). Results: Affirmed PLA

8). Date of results: April 21 2022

(d) Did you appeal to the highest state court having Jurisdiction over the action taken on your petition?

(1) First Petition: ☑ Yes ☐ No

(2) Second Petition: ☑ Yes ☐ No

(3) Third Petition: ☐ Yes ☐ No

(e) If you did not Appeal to the highest court having Jurisdiction explain why you did not: N/A

12) For this petition, state every ground on which you claim that you are being held in Violation of the Constitution, law, or treaties of the United States the facts supporting each ground. you may be barred from presenting additional grounds at a later date.

Ground 1.

The trial court and DCA, both errored in denying defendant relief on the ground that Defense counsel rendered ineffective for failing to properly object to trial courts ruleing that portions of State witness Denzil Jones grand jury testimony be abmitted into trial as substentive evidence, causing issue not to be preserved for direct review. (a) supporting facts:

Defendant beleve's that the courts misunderstood the claim because, in trial courts order denying relief as to this claim in postconviction motion 3.850, The court stated the record is clear that counsel objected.

Defendant claim is not that counsel did not object its "counsel did not object properly" as in not makeing the proper objection to preserve error.

The error that violated defendants 5th, 6th, and 14th Amendment rights to U.S. Constutition as well as Article 4 Section 9 Florida Constutition is.

The State knowingly called its witness Denzil Jones for the Sole Purpouse of impeachment, and used impeachment as a method to file ore tenus motion under 90.801 (2) (a) to introduce into trial Jones prior grand jury testimony as substantive evidence, In which testimony would have otherwise been inadmissible and "if a party knowingly calls a witness for the primary purpose of introducing a prior statement which otherwise would be inadmissable, impeachment should ordinarily be excluded."

Court granted States motion under 90.801 (2) (a) ruleing on portions of grand jury testimony be abmitted into trial, and defendants counsel was ineffective for not arguing the above when objection was made, failing to preserve issue for direct review.

History Leading To Error:

Two years befor trial, state witness Denzil Jones testified

in front of a grand jury that he had personal knowledge
that defendant planed the robbery of victem Courtney London.
A week befor trial that Jones testifyed that he did
not remember doing so. (T1188-T1189), on May 9th 2018
during defendants trial The State called Jones to testify
in which Jones also stated he does not remember statement
also, Jones testifyed to being high on ecstasy during his grand
jury testimony stating he had been high fer almost a week
and the effect of the drug caused him to be confused, Alters
his perception, and that it makes him forget things. (T1010-T1011)
After Jones testimony it was stated that Jones testimony was similer
to depostion a week ago "He didnt remember." (T1188-T1189).
State filed ore tenus motion to introduce Jones grand Jury testimony
as substantive evidence and court granted States motion over
objections allowing portions of the grand jury testimony into
evidence (T1212)

There are three factors courts consider when deciding if a party
called a witness for the "primary purpose of impeachment." They are
(1) whether the witness's testimony suprised the calling party; (2)
whethe the witness's testimony affirmatively harmed the calling
party and (3) whether the impeachment of the witness was de minimis
substantive value.

It is clear that the State was not suprised by Jones testimony
because the record shows that Jones had a deposition a week befor
trial where testimony was similer, where he stated he dont rember
(T1188-T1189). Also the record shows that state met with Jones befor
trial (T1017) Thus the first factor weighs heavily against the State
because it undeniable knew befor calling Jones he would testify
to being high during grand Jury testimony and not remembering
it.

The second factor weighs aginst the State because Mr. Jones testimony
did not affirmatively harm the calling party (The state). Mr. Jones
testified he did not remember anything, Although that testimony

8  of 23

does not establish any element of the offense, its not harmfull testimony.

The final factor also weighs heavily aginst the state, whether the statements were of helpful value to party calling witness; The state knew there was going to be very little substance to Mr. Jones testimony without utilizing his grand Jury statements which were profoundly helpful to establish intent on the part of the four defendants, No other witness could testify to the preplanning of the robbery as well as to the specific Identity of the target of the robbery and the state repeatedly quoted from Mr. Jones grand Jury testimony when Jones left witness stand, so its clear Jones testimony was of helpful value to state.

The state knowingly called Jones with the primary purpose of introducing prior grand Jury statments which otherwise would have been inadmissable by calling Jones to witness stand knowing he would testify to not rembering statements, Then asking court to ask Jones leading questions to impeach him with his prior inconsistant statements (T996-997), Then moveing an to file ore tenus motion under 90.801(2)(1). It was an improper strategy by state and had counsel objected ~~proper~~ stating this, error would have been presured for direct review and defendant was prejudice because of this.

Additionly in defendants direct appeal it was argued that the state called Jones for the sole purpose of impeachment with the primary prupose of introducing prior statments which otherwise would have been inadmissive, state argued that the claim was not preserved because counsel's objection was not to this. also stating a evidatory claim is not preserved absent a contemporanous & specific objection.

Then when defendant argued in 3.850 postconviction relict motion that defense counsel was ineffective for failing to properly object to preserve claim for direct review, state argued in

Response that record refute's defendant's Claim because Counsel did object properly. Contradicting its self. defendant was prejudice because had Counsel objected specifically with the arguments made above, The Court would have been on notice of error in granting states ore tenus motion and maybe not have done so and/or error would have been preserved for direct review and defendant would have been granted relief he's entitled to.

Also Mr. Jones grand jury testimony was Very hurtful to defendants and Absent Counsel's performance there is a reasonable probability that the outcome in this proceeding would have been different and/or counsel ineffectivouss affected the fairness and reliability of the proceeding thereby undermining any confidence in the outcome and had issue been preserved for direct review, because its a reversible issue defendant would not have had to proceed this far seeking relief.

(b) did you exhaust your remedies on ground one? Yes

(c) If you appealed from Judgment of conviction, did you raise issue ☐ Yes ☒ No

(1) Why not? A claim for ineffective assistance of counsel in generally not cognizable on direct review and is properly raised for the first time in a postconviction 3.850 motion.

(d) did you raise this issue through a postconviction motion or habeas in a State court trial court? ☒ Yes ☐ No

(2) Type of motion? postconviction 3.850 motion

Name and location of court? In the circuit Court of the 5th judicial circuit in and For Marion County,

Docket or Case number: 2016-CF 1527-L

Date of Courts decision: April 21, 2022

Result: Denied

(3) Did you receive a hearing ☐ Yes ☒ No

(4) did you appeal from the denial of your motion ☒ Yes ☐ No

(5) did you raise this issue on appeal ☒ Yes ☐ No

(c) Name of court where appeal was filed: In the District court of Appeal 5th District of Florida.                              10 of 23

Docket or case number: 22-1825
Date of court decision: February 24, 2023 "Mandate"
Result: Denied
(1) N/A
(e) Describe any other procedures used to exhaust your state remedies on Ground one:
N/A

Ground 2, ~~Interactive Counsel Brady Victory~~

The trial court and DCA, both errored in denying defendant relief on the ground that defense counsel rendered ineffective for failing to object to prosectural misconduct in misstating facts of evidence, and/or not preserving misconduct error for direct review violating defendants 5th, 6th and 14th Amendments to U.S. Constitution as well as Artical 1 Section 9 Florida constitution.

(a) Supporting facts:

On May 10, 2018 during closing arguments of state attorney at the end of defendants trial, State committed poisectorial misconduct by misstating facts of evidence, the specific misstatements made by the state are (1). Strateing that witness Tatianna Smith gave testimony to all defendants talbing about hitting a lick including defendant (T 1287-1288) when Smith actually testityed to the conversation about a lick starting befor defendant arrived and that defendant wasnt talking (T 843-844). (2) That witness Sabria Welcome gave testimony to all six boys having Couns in house and that she puts defendant as having a gun. (T 1288). when actually Welcome testifed to not knowing who actually had guns and that she just know she seen guns (T 912, 928, 932-933) Also Welcome was never able to point out or Idintify defendant to say he had a Gun (T 925). (3) stating that witness Keyautra Daymon put defendant and his co-defendant Brandon Banks as having couns, when Daymon actually testifed to defendants co-defendants Davis and Banks as having couns (T 888)

11 of 23

Defendant was prejudiced because there's a probability that states misstated facts mislead Jury thereby undermining any confidence in the outcome, and counsel fell below the applicable standard performance absent counsel ineffectiveness the proceeding would have been different after counsels ineffectiveness affected the fairness and reliability of the proceeding, Also if counsel would have objected errors would have been cleared and/or preserved.

(b) ground was exhausted. (c) ~~did you raise your~~ did you appeal from Judgment of conviction? ☒Yes ~~No~~, (2) why not? A claim for ineffectiveness of counsel is generally not cognizable on direct review. and is properly raised for the first time in a postconviction 3.850 motion. (d) did you raise this issue through a postconviction motion or habeas in a State court? ☒Yes ☐No. (2) Type of motion? Postconviction 3.850 motion. Name and location of court? In the Circuit Court at the 5th Judicial Circuit in and for Marion County Florida, Docket or case number: 2016-CF-1527-C, Date of Court Decision: April 21, 2020, Result: Denied, (3) Did you receive a hearing? ☐yes ☒No. (4) did you appeal from denial of your motion ☒Yes ☐No. (5) did you raise this issue on appeal ☒Yes (6) Name of court appeal was filed: In the District Court of Appeal 5th District of Florida. Docket or case number: 22-1825. Date of court decision: February 24, 2023 "Mandate" Result: Denied (7) N/A (e) describe any other grounding used to exhaust your State remedies on ground two: 9.141

Ground 2A ,  Trial court and DCA both errored in denying ground that Defense counsel rendered ineffective for failing to object and/or preserve prosecutor misconduct error in making improper remarks violating defendants 5th, 6th, and 14th Amendment rights to U.S. Constitution as well as Article 1 Section 9 Florida Constitution. (a) Supporting facts

On May 10, 2018 during defendants trial prosecutor committed prosecutor misconduct by making improper remarks and the remarks were not harmless, The remarks made by prosecutor

are, (1) Stateing to Jury, Did they intend robbery to happen. "We are going to go over there and use force and take cortney london property". Did they agree to that (T1278). This prejudice defendant because prosecutor made statements as if they were the defendents words when planning a robbery. (2) Stateing that witness Kardiza Savage said that there were two people right outside my house in area of Courtney l London house "right befor the shot". (T1268-1269). This prejudice defendant defendant because prosecutor's remarks make it seem as if witness Savage testified to seeing two people in area of victum house right befor shots when witness testified to being in car with her aunt when seeing two people in area then going into hunt house and latter after aunt went to Store she ~~banadwordwart~~ seen police, she also testified to not heaving any shot (T644). (3) in regards to state government witness testifiying to useing prisher on witness during an interview, Stating "understandbily they were frustrated with these people not giveing them the information they knew that they knew (T1373) the prosecutor statements were ment to and did bolsrer the testimony of Government witness Detective Stickmen and it is impermissible for the prosecuter to assert her own credibility as a basis for conviction and it is unprofessinal conduct for her to express her personal belief or opion as to the truth or falsity of any testimony. (4) In regards to co-defendants Killa Richrdson phone text messages stateing, "Just after 9.p.m on June 12th to Just after midnight on June 13. No text or calls because whats hes doing? Hes "busy to text or call he's getting his homeboys together to go rob Courtney London (T1375) although this statement was directed at defendant Codefendant Killa Richardson it also prejudiced defendant because it was established that defendant and co-defendant were homeboys, defendant would like to note there was an objection made to statements and court instructed Jury that what Attorneys

13 of 23

Say is not evidence, but instruction did not cure the damage already done. (5) In regard's to witness Denzil Jones " who testofyed to not remembering anything. Prosecutor Improperly stated. "And then you have Denzil Jones testimony, He tried to fight it but of course ask yourself why, well his friend is dead, There nothing he can do to change that. But he's going to be getting out of prison in 10 months, does he want to be a Snich? Does he want to be the one that comes in here and, in front of his homeboys and in front of this audience, said yeah they were talking about robbing Courtney, He's not going to do that, he's going to be back on the streets in 10 months, He's not going to be the Snich He's going to back off everything. but you heard the grand Jury testimony and well look at that at the end you heard he knew they were going to rob Landon and said it was all four of them talking about it, that he tried to stop them no matter what he wants to sit up here and say today and yesterday". (T1282) defendant was prejudice because states improper remarks either blatend or Commeted on the truthfull or falsity of testimony and asserted her own credibility.

(b) ground was exhausted. (c) (1) did you appeal from Judgment of conviction ~~~~~~~~~ ☒ Yes ☐ No, did not raise claim. ~~~~~~ (2) why not? A claim for inefectine of counsel in genrally not cognized on direct review and is properly raised for the first time in a postconviction 3.850 motion. (d) did you raise this issue in a postconviction motion in a state court? ☒ Yes ☐ No. (a) Type of motion? postconviction 3.850 motion. Name and location of Court? In the circuit court of the 5th Judicial circuit in and for Marion County Florida. Docket or case number? 2016-CF-1527-C, Date of Court Decission: April 21, 2020, Result: Denied. (3) Did you recieve a hearing? ☐ Yes ☒ No (4) did you appeal from the denil of your motion? ☒ Yes ☐ No (5) did you raid this issue on appeal ☒ Yes (6) Name of court ~~~~~~ appeal was Filed: In the District court of

14 of 23

Appeal  5th  District  of  Florida, Docket of Case number 22-1825. Date
of Court  decision: February 24, 2023 "Mandate"  Result: Denied (7) N/A
(8) N/A

Ground 3, Trial court and DCA both errored in denying ground that
Defense counsel rendered ineffective for failing to request the court
to include  robbery as  a lesser included in Jury instruction violating
defendants 5th, 6th, and 14th Amendments right to U.S. Constitution as well
as  Article 1  Section 9 Florida Constitution.
Defendant was charged with Felony Murder with the theory of
robbery, defense counsel should have asked that robbery be added
as a lesser included offense also an accused is entitled to a
lesser included offense instruction if the elements of the
lesser offense are subset of the elements of the charged
offense and/or the evidence at trial must be such that a
jury could rationally find the accused guilty of the lesser
offense. Defendant was prejudiced because he was denied the
opportunity to be convicted of robbery and not felony murder
and counsels failure fell below the applible standard performance
Absent counsel ineffectiveness the result of the proceeding would
have been different and/or counsel ineffectiveness affected the
fairness and reliability of the proceeding thereby undermining
any confidance in the outcome.
~~did~~ (b) did exhaust state remedies, (c) did you appeal from Judgment
of conviction? Yes. did you raise this issue? No, (2) If you
did not raise this ground explaine why: A claim for ineffectivness
of counsel is generally not cognized on direct reveiw and is
properly raised for the first time in a postconviction 3.850 motion.
(d) did you raise this issue through a postconviction motion or
habeas in a state court? ☒ Yes ☐ No. (2) Type of motion? postconviction
3.850 motion. Name and location of Court? In the circuit court
of the 5th Judicial circuit in and for Marion county Florida. Doc-
ket of case Number: 2016-CF-1527-C. Date of court Dicission: April
21, 2020. Result: Denied (3) did you recive a hearing? No
15 of 23

(4) did you appeal from the denial of your motion? ☒ yes ☐ No
(5) did you raise this issue on appeal? ☒ yes ☐ No. (6) Name of
Court appeal was filed: In the District Court of Appeal 5th
District of Florida. Docket or Case Number: 22-1825. Date of
court decission: February 24, 2023 "Mandate", Result Denied
(7) N/A  (e) did you raise issue in any other proceeding? N/A
Ground 4  (a) supporting facts

Trial court and DCA both erraed In denying ground that defense
counsel was ineffective for failing to object to Jury instructions
and/or verdict on the basis that the instructions gave the
theory of an uncharged crime violating defendants $5^{th}, 6^{th},$ and
14th Amendment rights to U.S. constitution as well as article
1 section 9 Florida constitution.

defendant was charged in indictment and convicted of, First
Degree Felony Murder, In defendants Indictment the elements
to robbery were never givein. During defendant trial the
instructions givein to Jury were Standard 7.3 but also
Mentioned robbery and the elements that explain robbery
causeing defendant to be convicted of a Crime based on
element's that were never charged. The Verdict form stated
Guilty of first degree Felony murder as charged in indictment
but since the indictment failed to set forth the elements
that were givein to Jury, the Conviction was of an
uncharged Crime and this prejudiced the defendant, counsel fell
below the applibe Standared performance, Absent counsel ineffectiveness
the result of the proceeding would have been diffrent and/or
counsels ineffectiveness affected the fairness and reliability of the
proceeding there by undermining any confidence in the outcome.
(b) did exhaust state remedies, (c) did you Appeal form judgment of conviction?
yes. did you raise issue? No. explain why. A claim for ineffectiveness
of counsel is generally not cognized on direct review and is properly
raised for the first time in a postconviction 3.850 motion. (d) did
you raise this issue through a postconviction motion or habeas

16 of 23

In a state court? ☒ Yes ☐ No. (2) Type of motion? postconviction 3.850 motion. Name and location of court? In the circuit court of the 5th Judicial circuit in and for Marion County Florida. Docket or Case number: 2016-CF-1527C. Date of court Dicission: April 21 2020. Result: Denied (3) did you recive a hearing? No (4) did you appeal from the denial of your motion? ☒ Yes ☐ No (5) did you raise this issue on appeal? ☒ Yes ☐ No. (6) Name of court appeal was filed: In the District court of appeal 5th District of Florida. Docket or Case number: 22-1825. Date of court Dicission: Feburary 24, 2023 "Mandate". Result: Denide (7) N/A (8) did you raise issue in any other proceeding. N/A

Ground 5

Trial court and DCA both errored in denying ground that Defense counsel was ineffective for failing to file a motion to dissmiss charges and/or a motion for arrest of judgment on the basis that defendant indictment was defective/vague and that defendant couldn't be found guilty of felony murder without an underlying felony. Counsel's ineffectiveness violated defendants 5th, 6th, and 14th Amendment rights to the U.S. Constutition as well as Article 1 Section 9 Florida Constutition.

(a) supporting facts:

Defendant was charged with violation of Fla. stat. 782.04(1)(a) 2, First degree Felony murder which elements is (1) victem is Dead and (2) while engaged in a felony alleged defendant or defendant accomplice caused the death of victem. defendant indictment mentioned robbery but never put forth the Statute or the elements that Constitute robbery thus causing indictment to be defective and vagu also causing it to not properly charge defendant with robbery or properly allege robbery. Defendant was prejudice because his due process was violated when the indictment failed to convey sufficient definite notice of application because when Seteing forth robbery

17 of 23

it was not clearly enough to the point that an ordinary person can intelligently choose in advance what course it is lawful for him to pursue since robbery is a crime in itself that has its own elements that constrate its meaning and without those elements being set in indictment defendant was left guessing at what robbery means, defense counsel was ineffective and fell below the reasonable applicable standard performance because had counsel filed said motions there a reasonable propribility the outcome of the proceeding would have been different and/or counsels ineffectivness affected the fairness and reliability of the proceeding thereby undermining any confidence in the outcome.

(b) did exhaust state remedies. (C) did you appeal from judgment of conviction? Yes, did you raise this issue? No. (2) IF you did not raise this ground explain why: A claim for ineffectivness of counsel is genally not cognized on direct review and is properly raised for the first time in a postconviction 3.850 motion. (d) did you raise this issue through a postconviction motion or habeas in a state court? ☒ Yes ☐ No. (2) Type of motion? postconviction 3.850 motion. Name and location of court? In the circuit court of the 5th Judicial circuit in and for marion County Florida. Docket or Case number: 2016-CF-1527C Date of court Decission: April 21, 2020. Result: Denied. (3) did you receive a hearing? No (4) did you appeal from the denial of your motion? ☒ Yes ☐ No. (5) did you raise this issue on appeal? ☒ Yes ☐ No. (6) Name of court appeal was filed: In the District court of appeal 5th District of Florida. Docket or Case Number: 22-1825 Date of court decision: Febuary 24, 2023 "Mandate". Result: Denide. (7) N/A. (e) did you raise this issue in any other proceeding? Yes. What proceeding? Postcamn 3.800 and 9.141 Both denid.

18 of 23

Ground 6

Trial Court and DCA both errored in denying ground that
defense Counsel was ineffective for failing to make an adequate
objection to the introduction of state witness Derzil Jones grand
Jury testimony on the basis that the admission of the
testimony does not meet the requirement provided in Statute
90.801(2)(a). Thus violating defendants 5th, 6th, and 14th Amendment
rights to U.S. Constitution as well as Article 1 section 9
of Florida Constitution.

(a) Supporting facts:

On May 10, 2018 during defendants trial state filed an ore
Tenus motion to introduce its witness Jones grand jury testimony
as substantive evidence of guilt under Statute 90.801(2)(a).
The motion was granted and portions of grand jury testimony
was read to jury.

Court errored in ruling because: 90.801(2)(a) explains hearsay
is exception if (2) A statement is not hearsay if the
declarant testifies at trial or hearing and is subject to cross-
examination concerning the statements and the statement is: (a)
Inconsistant with the declarants testimony and was givein
under oath subject to the penalty of perjury at a trial
hearing or other proceeding or in a deposition.

In regards to the first factor (2) The declarant was not
subject to cross-examination concerning the statements because
he did not remember making the statements. Also
the record shows Jones testifyed prior to trial at a deposition
concerning the grand jury testimony, stateing that he was high
on ecstasy for multiple days befor and during grand Jury
testimony, and that ecstasy causes him to be furgetful,
alters his perception, confuses him, and causes him to be
in and out. Stateing ecstasy is the reason he dont remember
(T1010-1011), and due to Jones failure to remember statements
because of his drug use. It renders him unavaible as

19 of 23

provided in statute 90.804 (1) (c). § 90.804(1) (c) defines
unavailability as a witness means that the declarant (c) "has
suffered a lack of memory of the subject matter of his
or her testimony so as to destroy the declarants effectivness
as a witness during trial." Apply Fl.Stat to the present
Case its clear Mr Jones was unavailable due to lack of
memory and the opportunity for Cross-examination created
by trial court was not a meaningful one, and could not
substitute for a real one.

In regards to the second factor (a): There was no inconsistancy
because Jones stated befor trial in deposition and during
trial he did not remember the remember grand jury statements
and memory lack is not inconsistant.

Furthermore, upon moving for ore tenus motion, State
misstated facts to get motion granted, the facts misstated
were (1.) Stanting Jones testifyed to never trying to stop
defendants from doing anything because nothing was happening
(T 1183), when Jones actually stated I dont recall, and how
can I stop something I dont Know there going to do
(T 999-1000, 1002). (2) That Jones stated that no conversation
at all was had about hitting a lick (T 1182). when Jones was
never asked about was there a conversation about a lick,
nether did he testify to there not being a conversation
about hitting a lick. (3) Stateing that Jones never said he
didn't remember conversation at house, he denied that
happen (T 1183-1184) when as stated befor Jones was
never asked about a conversation involving a lick." And
these statements were not inconsistant with Jones grand
Jury testimony. And since Court made its ruleing based
off states misstated facts, the ruleing was improper
and errouness.

defendant was prejudiced because had counsel argued
the above in objection theres a probibility that the
20 of 23

outcome of defendant trial would have been diffent because Judy would have been put on notice of the fact's stated above and possibly not granted States motion and Jury would have never heard the harmfull statments made in grand Jury testimoney in which no other witness could testify to. Defense counsel fell below the applible standard of proformance absent Counsus predomance inetfectivnss the result of the proceeding would have been diffrent and/or counsns ineffectivenss affected the fairness and celibility of the proceeding thruey undermining any confidence in the outcome. (b) did exhaust state remedies. (c) did you appeal from the of Conviction? yes. did you raise this issue? No. Q) If you did not raise this ground explain why: A Claim for ineffectness of Counsel is generally not cognized on direct review and is aves propaly raised for the first time in a postconviction 2.850 motion. (d) did you raise this issue through a postconviction motion or habeas in a state court? ☒ Yes ☐ No (2) Tjpe of motion? postconviction 3.850 motion. Name and location of court? In the Circuit court of the 5th Judicial Circuit in and for marion County florida. Docket or case number 2016-CF-1527-C. Date of the Court Dicission: April 21. 2020. Result: Denial (3) did you recive a hearing? No (4) did you appeal from the denil of your motion? ☒ Yes ☐ No. (6) Name of Court appeal was filed in: In the District court of appeal 5th District of Florida Docket or Case number: 22-1825 Date of court Dicission: Feburry 24. 2023 "Mandate" Result: Denial (7) N/A (e) did you raise this issue in any other proceeding? No Ground 7 Cumulative error.

13) Have All ground for relief that you raised in this petition been presented to the highest state court having Jurisdiction? ☒ Yes ☐ No (b) N/A

14) Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

15) Do you have any petition or appeal now pending in any court either state or federal for the Judgment you are challenging? ☐ Yes ☒ No

16) Give the name and address if known, of each attorney who represented you in the following stages of the Judgment you are challenging.
(a) At preliminary hearing: dont Know
(b) At arraignment and plea: dont Know
(c) At trial: ANA Mallnox - Gomez - dont know address
(d) At Sentencing: ANA Mallnox - Gomez: dont Know address
(e) on appeal: Steven N. Gesney, 444 Seabna Buld Suite 210 Daytom Beach Florida 32118
(f) In any postconviction proceeding: Pro'se
(g) on appeal from any ruling against you in a postconviction proceeding: Pro'se

17) Do you have any future sentence to serve after you complet the sentence for the Judgment that you are challenging? ☐ Yes ☒ No

18) Timeliness of Petition: If your Judgment of conviction became final ever a year ago, you must explain why the one-year Statute of limitations as Contained in 28 U.S.C. § 2244 (d) does not bar your petition: I meet requirements stated below)
(1) A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of:
(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent Judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## Belief Sought

Therefor the petitioner ask that the court grant the following relief: A new trial, vacate sentence and/or 15 years in prison or any other relief to which petitioner may be entitled.

/s/. Kelvon Grimmage

## OATH

Under penalties of perjury I declar that I have read the forgoing "petition for writ of Habeas corpus 2254" and that it is filed in good faith and the facts stated in it are true. Executed on this 29th day of November 2023.

## Certificate of service

I hereby certify that a true and correct copy of this "petition for habeas corpus 2254" has been placed into the hands of an Instutinl official for mailing by U.S. postal to Golden-Collum memorial federal bolding and U.S. courthouse 207 N.W 2ed street Ocala FL 34475 and to: Attorney General 444 seabreeze blvd 5th floor Daytona Beach FL 32118 on this 29th day of November 2023.

/s/ Kelvon Grimmage
Kelvon Grimmage
T87654
Columbia C.I
216 S.E. Corrections way
Lake City FL 32025-2013

23 of 23